## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

ANTONIO CARROTHERS                                                    PETITIONER

v.                                                          No. 3:18CV97-MPM-RP

STATE OF MISSISSIPPI                                                  RESPONDENTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Antonio Carrothers for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed as untimely filed.

### Facts and Procedural Posture

Antonio Carrothers is in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. He was charged with burglary of an automobile (Count I), armed robbery (Count II), and felon in possession of a firearm (Count III), as a habitual offender under Miss. Code Ann § 99-19-81. *See* Exhibit A (Docket in Lafayette County Circuit Court Cause No. LK07-349); *see also* Exhibit B (Indictment). On January 8, 2008, he pled guilty in Lafayette County Circuit Court Cause Number LK07-349 to armed robbery (Count II). *See* Exhibit C (Petition to Enter Plea of Guilty); *see also* State Court Record ("SCR") Cause No. LK07-349, Documents Received from Lafayette County Circuit Court, Guilty Plea Transcript. On the same day, the Lafayette County Circuit Court sentenced Carrothers to serve a term of twenty-five (25) years in the custody of the MDOC, with five years suspended, twenty (20) years to serve as a habitual offender, and five years of supervised probation.

*See* Exhibit D.[1]  On January 8, 2008, the Lafayette County Circuit Court granted the State's motion to retire Carrothers' charges of burglary of an automobile (Count I) and felon in possession of a firearm (Count III) to the file.  *See* Exhibit F.

On January 5, 2009, Antonio Carrothers signed a motion for post-conviction collateral relief, which was stamped as "filed" on January 9, 2009, in Lafayette County Circuit Court Cause No. L09-013.  *See* Exhibit G (Docket in Lafayette County Circuit Court Cause No. L09-013).  By Order filed on July 28, 2010, the Lafayette County Circuit Court initially entered an "Order of Dismissal-Stale Case," finding "that no step has been taken to prosecute or pursue this action for one year[,]" and dismissed Carrothers' post-conviction action without prejudice.  *See* Exhibit H.  The Lafayette County Circuit Court further ordered that:

> this ORDER OF DISMISSAL shall become effective (30) days from the []date of the Clerk's certificate of service, UNLESS prior to expiration thereof, this action is re-instated upon the docket upon proper Motion filed in this action and an ORDER is entered granting same.  If after the expiration date there will b[e] a[n] $85.00 reinstatement fee.

*See id.*[2]

On August 26, 2010, Carrothers filed a "Notice of Motion," explaining that he had filed his post-conviction action in the circuit court and was waiting for a response or a ruling from the court.[3]

---

[1] On January 7, 2008, the Lafayette County Circuit Court entered a *nunc pro tunc* order, stating that the court accepted Carrothers' guilty plea to "robbery with a deadly weapon as a lesser habitual" and that the court was deferring Carrothers' sentencing until January 8, 2008.  *See* Exhibit E.

[2] The Clerk's Certificate of Service was also dated July 28, 2010, the date on which the Order was filed.  *See id.*

[3] Carrothers attached to his August 26, 2010 "Notice of Motion" an "Order of Suspension" of his defense counsel, John Louis Dolan that was filed on March 18, 2008, in this court.  *See* SCR, Cause No. L09-013, Documents Received from Lafayette County Circuit Court, "Notice of Motion."

*See* SCR, Cause No. L09-013, Documents Received from Lafayette County Circuit Court.  On

September 17, 2010, Carrothers filed a "Motion to Amend," requesting that the Lafayette County

Circuit Court reconsider its order of dismissal of his post-conviction action.  *See id.*  On October 25,

2010, Carrothers filed a "Notice of Change of Address."  *See id.*  On January 5, 2011, Carrothers

submitted documents to the Lafayette County Circuit Court, which were docketed as "PCR" in his

post-conviction action on January 11, 2011.  *See id.*  Over a year later, on February 14, 2012,

Carrothers filed a letter, docketed as "PCR," in his post-conviction action, explaining that he had re-

filed his post-conviction motion in the circuit court after his original post-conviction motion was

dismissed for failure to prosecute, but that he had not received any further information related to his

filing.  *See id.*  On August 28, 2012, Carrothers filed another "Motion for Post-Conviction Collateral

Relief," which was also docketed in his post-conviction action.  *See id.*

     On September 5, 2012, the Lafayette County Circuit Court entered three orders in Carrothers'

post-conviction case.[4]  *See id.*  The Lafayette County Circuit Court entered an Order docketed as

"Order Denying Relief Requested July 28, 2010," explaining that Carrothers' original motion for post-

conviction collateral relief filed on January 9, 2009, was before the court.  *See* Exhibit I.  The circuit

court further explained as follows:

---

In his "Notice of Motion" Carrothers alleged that his lawyer was "under investigation at the time he
represented [Carrothers]" and that defense counsel was "suspended 1 mo. and 9 days after he
represented [Carrothers]."  *See id.*, p. 9.

    [4] The court has set forth the Lafayette County Circuit Court's findings in the orders, beginning
with the second order entered on September 5, 2012, as that order discussed Carrothers' original
motion for post-conviction relief filed on January 9, 2009.  *See* Exhibit G; *see also* Exhibit I.

This motion was dismissed as stale by this Court on July 28, 2010. Finding this dismissal to have been entered in error, this Court hereby reinstates this motion.

This Court has now considered the relief requested in the motion pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated Sec. 99-39-1, *et seq*. and finds as follows:

After reviewing the documents filed by the Petitioner, as well as the court file in this case, the Court finds it plainly appears from the face of the motions, exhibits, and prior proceedings that the Petitioner is not entitled to any relief. Therefore, the Court is of the opinion the requested relief is not well taken and hereby DENIED.

*See* Exhibit I.

The Lafayette County Circuit Court entered another Order docketed as "Order Denying Relief Requested Filed October 25, 2010," explaining that "[t]his cause is before the Court on Petitioner's 'Petition for Post Conviction Relief' that appears to have been filed on October 25, 2010."[5] *See* Exhibit J. The circuit court further explained as follows:

This Court has considered the relief requested in the motion pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated Sec. 99-39-1, *et seq*.

The Court finds this petition to be barred as successive. Miss. Code Ann. § 99-39-23(6). Notwithstanding the procedural bar, after reviewing the documents filed by the Petitioner, as well as the court file in this case, the Court finds it plainly appears from the face of the motions, exhibits, and prior proceedings that the Petitioner is not entitled to any relief. Therefore, the Court is of the opinion the requested relief is not well taken and hereby DENIED.

*See* Exhibit J.

---

[5] The docket in this post-conviction action reflects that the only document Carrothers filed on October 25, 2010, was a "Notice of Change of Address." *See* SCR, Cause No. L09-013, Documents Received from Lafayette County Circuit Court. Thus, the circuit court's order appears to mistakenly refer to the "Petition for Post-Conviction Relief" as having been filed on October 25, 2010. *See id.*; *see also* Exhibit J. This reference is an obvious scrivener's error.

The Lafayette County Circuit Court entered a third order docketed as "Order Denying Relief Requested," explaining that "[t]his cause is before the Court on Petitioner's 'Petition for Post Conviction Relief.'"[6]  *See* Exhibit K.  The circuit court further explained:

> This Court has considered the relief requested in the motion pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated Sec. 99-39-1, *et seq.*
>
> The Court finds this petition to be barred as successive.  Miss. Code Ann. § 99-39-23(6).  The Court also finds this petition to be time-barred.  Miss. Code Ann. § 99-39-5.  Notwithstanding the procedural bars, after reviewing the documents filed by the Petitioner, as well as the court file in this case, the Court finds it plainly appears from the face of the motions, exhibits, and prior proceedings that the Petitioner is not entitled to any relief.  Therefore, the Court is of the opinion the requested relief is not well taken and hereby DENIED.

*See* Exhibit K.

Carrothers appealed the Lafayette County Circuit Court's denial of post-conviction relief. Carrothers' Notice of Appeal was docketed in Mississippi Supreme Court Cause Number 2012-TS-01783-COA on October 31, 2012.[7]  *See* SCR, Cause No. 2012-TS-01783-COA.  On the same day, the

---

[6] The docket in this post-conviction action reflects this order was the first of the three orders entered by Lafayette County Circuit Court on September 5, 2012.  *See* SCR, Cause No. L09-013, Documents Received from Lafayette County Circuit Court.  As discussed in detail below, however, this order was entered on Carrothers' "Motion for Post-Conviction Relief" filed on August 28, 2012, as the circuit court stated that the petitioner was time-barred.  *See id.*; *see also* Exhibit K.  As such, in the interest of clarity, the court has discussed the first order (entered on September 5, 2012), third.

[7] Carrothers attached to his Notice of Appeal an Order of "reciprocal discipline" entered by the Mississippi Supreme Court on February 5, 2008, after his former defense attorney, Mr. Dolan, was suspended from the practice of law and placed on probation by the Tennessee Supreme Court.  *See* SCR, Cause No. 2012-TS-01783-COA, "Notice of Appeal," p. 51; *see also id.*, pp. 75-79 (Order filed on February 7, 2008, in Mississippi Supreme Court Cause No. 2007-BD-01522-SCT).  As will be discussed in detail below, Carrothers attached a copy of this same Order to the instant federal petition for a writ of *habeas corpus*, to support his claim of "newly discovered evidence."  ECF Doc. 1 at 15-20.

Mississippi Supreme Court Clerk issued a Show Cause Notice to Carrothers as to why his appeal

should not be dismissed as untimely for failing to comply with the rules of court. *See id.* By Order

filed on November 20, 2017, the Mississippi Court of Appeals granted Carrothers additional time to

respond to the show cause until December 3, 2012. *See id.* On March 21, 2013, the Mississippi Court

of Appeals, on its own motion, dismissed Carrothers' appeal as untimely. *See* Exhibit L.[8]

### One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[8] Mr. Carrothers later sought reconsideration of the dismissal of his appeal. *See* SCR, Cause No. 2012-TS-01783-COA. On April 3, 2013, the Mississippi Court of Appeals denied the motion. *See* Exhibit M.

28 U. S.C. § 2244(d)(1) and (2).

## Calculating Carrothers' Deadline Based Upon "The Date on Which the Judgment Became Final" Under 28 U.S.C. § 2244(d)(1)(A)

Under the current state statute, a criminal defendant may not pursue a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. However, at the time of Mr. Carrothers' conviction and sentence, such an appeal was permissible if it challenged the validity of the sentence – and was filed within 30 days of judgment. *See Burns v. State*, 344 So. 2d 1189 (Miss. 1977). As such, Mr. Carrothers' judgment became final on February 7, 2008, thirty days after the Lafayette County Circuit Court sentenced him on his guilty plea.[9] *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, the initial deadline for Mr. Carrothers to seek federal *habeas corpus* relief became February 9, 2009 (February 7, 2008 + 1 year).[10]

As set forth above, the trial court misconstrued Mr. Carrothers' January 5, 2009, attempt to initiate state post-conviction collateral relief – and did not issue a final ruling on that motion until

---

[9] As stated above, under Mississippi law, there is currently a statutory prohibition against direct appeals from guilty pleas. However, at the time of Carrothers' plea, the Mississippi Supreme Court recognized an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue appealed concerned the allegation of an illegal sentence. *See Burns v. State*, 344 So. 2d 1189 (Miss. 1977); *Trotter v. State*, 554 So. 2d 313 (Miss. 1989); *Berry v. State*, 722 So. 2d 706 (Miss. 1998); *Campbell v. State*, 743 So. 2d 1050 (Miss. Ct. App. 1999); and *Acker v. State*, 797 So. 2d 966 (Miss. 2001). Mr. Carrothers pled guilty before this amendment took effect; as such, he enjoys the benefit of the earlier exception. Thus, under *Roberts, supra*, 30 days (the time for seeking a direct appeal) will be added to the date of the entry of a guilty plea to determine finality of Mr. Carrothers' conviction under 28 U.S.C. § 2244(d)(1)(A).

[10] The one-year limitations period would have expired on Saturday, February 7, 2009; therefore, Carrothers' federal petition for a writ of *habeas corpus* was initially due in this court on the next available business day, Monday, February 9, 2009.

March 21, 2013.  Thus, Mr. Carrothers is entitled to statutory tolling during that 1,536-day period.

Therefore, Carrothers' federal petition for a writ of *habeas corpus* became due in this court by April

25, 2013 (February 9, 2009 + 1,536 days).[11]

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas*

*corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the

district court.  *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d

1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000)

(citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)).  In this case, the federal petition

was filed sometime between the date it was signed on April 17, 2018, and the date it was

received and stamped as "filed" in the district court on April 23, 2018.  The instant petition was

therefore filed nearly five years after the April 25, 2013, filing deadline.

**Calculating Carrothers' Deadline Based Upon
"Newly Discovered Evidence" Under 28 U.S.C. § 2244(d)(1)(D)**

Mr. Carrothers alleges that Mr. Dolan, his court-appointed attorney, had been suspended

from the practice of law in the State of Tennessee and that he had a disciplinary action pending against

him in the Mississippi Supreme Court at the time he represented Carrothers.  The petitioner argues

that Mr. Dolan did not offer a proper defense because he was preparing his own defense against

allegations of attorney misconduct.  Mr. Carrothers believes that counsel urged him to accept a plea

---

[11] Mr. Carrothers' state court records, as available from the Mississippi Supreme Court Clerk's Office, contain an Order Denying Post-Conviction Relief filed in the Wilkinson County Circuit Court on August 8, 2013, denying a petition filed by Carrothers' in that Court on July 24, 2013.  *See* SCR, Cause No. 2012-TS-01783-COA.  That case involved only the conditions of his confinement at the Wilkinson County Correctional Facility and thus has no relevance to the instant case challenging his conviction in Lafayette County.

agreement, despite his reservations, so that counsel could better focus on defending against the allegations of attorney misconduct. Mr. Carrothers did not, however, provide any evidence to support this allegation.

He alleges that the documents regarding the Tennessee suspension and the pending disciplinary proceedings against counsel in Mississippi constitute "newly discovered evidence" in support of his claims for federal *habeas corpus* relief. ECF Doc. 1 at 7-10. Thus, Mr. Carrothers seems to argue that the court should calculate the one-year federal *habeas corpus* deadline starting with "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" under 28 U.S.C. § 2244(d)(1)(D). Mr. Carrothers does not reveal when he discovered the disciplinary actions against his attorney, but the record before the court shows several points at which Mr. Carrothers knew of the discipline.

Mr. Carrothers attached to his "Notice of Motion" filed on August 26, 2010, in Lafayette County Circuit Court Cause Number L09-013, an "Order of Suspension" of his defense counsel, Mr. Dolan. *See* SCR, Cause No. L09-013, Documents Received from Lafayette County Circuit Court, "Notice of Motion." The "Order of Suspension" had been filed in this court on March 18, 2008. *See id.* In that "Notice of Motion," Mr. Carrothers alleged that his lawyer was "under investigation at the time he represented [Carrothers]" and that defense counsel was "suspended 1 mo. And 9 days after he represented [Carrothers]." *See id.*, p. 9.

In addition, Mr. Carrothers attached to his Notice of Appeal filed on October 31, 2012, in Mississippi Supreme Court Cause Number 2012-TS-01783-COA, a copy of an Order of "reciprocal discipline" entered by the Mississippi Supreme Court on February 5, 2008, after counsel had been suspended from the practice of law and placed on probation by the Tennessee Supreme Court. *See*

SCR, Cause No. 2012-TS-01783-COA, "Notice of Appeal," p. 51; *see also id*., pp. 75-79 (Order filed on February 7, 2008, in Mississippi Supreme Court Cause No. 2007-BD-01522-SCT).[12] As such, Mr. Carrothers has not identified any "newly discovered evidence" which he discovered at a late enough date to render the instant petition timely.

The information upon which Carrothers bases his claim was thus available to him by August 26, 2010 (the date of the Notice of Motion filed in Lafayette County Circuit Cause No. L09-013 with the Order of Suspension attached). Using that date to begin the federal one-year limitations period, his petition would have been due in this court by August 26, 2011. His state application for post-conviction collateral relief was, however, pending on August 26, 2010, and remained so until March 21, 2013 – a total of 938 days. Thus, the one-year limitations period was tolled during this time, and his new federal *habeas corpus* deadline became March 21, 2014 (August 26, 2011 + 938 days). *See* 28 U.S.C. § 2244(d)(2) (limitations period tolled during pendency of state application for post-conviction collateral relief). Again, Mr. Carrothers signed the instant petition on April 17, 2018 – more than four years after the deadline (as calculated under 28 U.S.C. § 2244(d)(1)(D)) had expired. Thus, even if the court were to characterize the attorney discipline documents as "newly discovered evidence," Mr. Carrothers discovered that evidence on August 26, 2010, and the instant petition would still be untimely.

**Equitable Tolling**

---

[12] Carrothers also attached a copy of the February 7, 2008, order to his federal petition for a writ of *habeas corpus* in support of his "newly discovered evidence" claim. *See* ECF Doc. 1 at 15-20.

The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

## The Petitioner's Request [17] to Amend His Petition

The petitioner has also requested [17] to amend his petition to include two claims: (1) That Mississippi's armed robbery statute is unconstitutionally vague and overbroad[13]; and (2) that the trial court erred in telling him that the court could impose a maximum sentence of life imprisonment, when, according to the petitioner, only a jury could impose such a sentence. A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)). Although not automatic, the decision to grant or deny such leave is within the sound discretion of the district court. *Bloom v. Bexar County, Texas*, 130 F.3d 722, 727 (5th Cir. 1997), *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). In this case, the State has moved to dismiss the instant petition as untimely filed. Neither of the claims at issue speak to the timeliness of the instant petition (the basis for the State's motion to dismiss). In addition, the court has reviewed the record in this case, and it appears that Mr. Carrothers has never raised these issues in state court – and thus has not exhausted his state remedies as to these claims. Further, his arguments regarding these claims are without merit. For these reasons, the instant motion is not well taken and will be denied.

---

[13] This is not a new claim, but a restatement of a ground for relief set forth in the original petition in this case. Mr. Carrothers has requested that the court treat this claim as a separate petition. The court will not do so, as this claim has no bearing on the timeliness of the instant petition – the dispositive issue in this case.

**Conclusion**

For the reasons set forth above, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed as untimely filed. In addition, the petitioner's motion [17] to file a supplemental petition will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 14th day of May, 2019.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI